IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-17-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MOISES GARAY, | ) |
| | ) |
| Defendant. | ) |

On September 3, 2020, Moises Garay ("Garay") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 75]. On September 16, 2020, the United States responded in opposition [D.E. 77] and filed some medical records of Garay [D.E. 78]. As explained below, the court denies Garay's motion.

On October 7, 2019, without a written plea agreement, Garay pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and possession with intent to distribute 5 grams or more of methamphetamine. See [D.E. 52, 60]. On January 7, 2020, the court held Garay's sentencing hearing. See [D.E. 73]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 74]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Garay's total offense level to be 32, his criminal history category to be VI, and his advisory guideline range to be 210 to 262 months' imprisonment. See [D.E. 74]. After granting the defense's downward variance motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Garay to 150 months' imprisonment on each count. See id.; [D.E. 73]. Garay did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09-cr-336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Garay seeks compassionate release pursuant to section 3582(c)(1)(A)(i). The court assumes without deciding that Garay relies on the "other reasons" policy statement in application note 1(D)

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

to U.S.S.G. § 1B1.13. See [D.E. 75]. Garay cites the COVID-19 pandemic and provides documentation of obesity. See id. at 2–4, 6–13; [D.E. 78] 1–2 (medical records).

Initially, the court assumes without deciding that Garay has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). On April 16, 2020, Garay submitted a compassionate release request to a BOP staff member, which was denied the same day, citing Garay's medium recidivism risk and good health. See [D.E. 75-1] 1. On June 11, 2020, Garay submitted a release request to the warden, which the warden denied on June 24, 2020. See id. at 2–4. Moreover, the government has not invoked section 3582's exhaustion requirements. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Garay's claims on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Garay's obesity coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Garay's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Ruffin, Nos. 16-CR-729 (VM), 17-CR-136 (VM), 2020 WL 3547772, at *3 (S.D.N.Y. June 30, 2020) (unpublished); Clark, 2020 WL 1874140, at *3–8. Garay engaged in serious criminal conduct in a drug trafficking organization. See PSR [D.E. 68] ¶¶ 9–15.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

He was responsible for possessing and distributing 500 grams of crystal methamphetamine and 1 gram of marijuana. See id. at ¶ 15. Moreover, Garay's history of felony convictions for controlled substance offenses qualifies him as a career offender. See id. at ¶¶ 20, 22, 23, 58. Garay also has a conviction for fleeing or eluding arrest with a motor vehicle. Id. at ¶ 21. Furthermore, Garay has served less than 50 percent of his sentence and releasing him now would undermine the purpose of his sentence. Having considered the entire record, Garay's obesity, the steps that the BOP has taken to address COVID-19 and to treat Garay, the section 3553(a) factors, Garay's arguments, and the need to punish Garay for his criminal behavior, to incapacitate Garay, to promote respect for the law, to deter others, and to protect society, the court declines to grant Garay's motion for compassionate release.[3]

In sum, the court DENIES Garay's motion for compassionate release [D.E. 75].

SO ORDERED. This 23 day of October 2020.

JAMES C. DEVER III
United States District Judge

---

[3] Garay also argues that the failure to release him under 18 U.S.C. § 3582(c)(1)(A) would violate his Fifth and Eighth Amendment rights. See [D.E. 75] 13–14. The court rejects the arguments as meritless.

6