IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-17-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MOISES GARAY, | ) | |
| | ) | |
| Defendant. | ) | |

On November 1, 2021, Moises Garay ("Garay" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 84]. This is Garay's third motion for compassionate release. See [D.E. 75, 82]; Orders [D.E. 81, 83]. As explained below, the court again denies Garay's motion.

I.

On October 7, 2019, without a written plea agreement, Garay pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and possession with intent to distribute 5 grams or more of methamphetamine. See [D.E. 52, 60]. On January 7, 2020, the court held Garay's sentencing hearing. See [D.E. 73]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 74]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Garay's total offense level to be 32, his criminal history category to be VI, and his advisory guideline range to be 210 to 262 months' imprisonment. See [D.E. 74]. After granting the defense's downward variance motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Garay to 150 months' imprisonment on each count. See id.; [D.E. 73]. Garay did not appeal.

II.

On December 21, 2018, the First Step Act took effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., United States v.

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Hargrove, 30 F.4th 189, 194–95, 198–200 (4th Cir. 2022); McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In his motion for compassionate release, Garay claims he exhausted his administrative remedies. See [D.E. 84] 2; [D.E. 84-1] 1. Specifically, on August 30, 2021, Garay submitted a compassionate release request to the warden. Garay did not receive a response. See [D.E. 84] 2. The government has not invoked section 3582's exhaustion requirement. Cf. United States v. Muhammad, 16 F.4th. 126, 130 (4th Cir. 2021). Accordingly, the court addresses Garay's motion on the merits.

Garay seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Garay cites the COVID-19 pandemic, an alleged sentencing disparity, his rehabilitative efforts, and his release plan. See [D.E. 84].

Garay claims that the court misapplied career offender status at sentencing because he did not actually serve more than a year sentence on his North Carolina controlled substance offense predicates. See [D.E. 84] 2–5. However, Garay misinterprets the advisory guidelines. Garay's North Carolina felony drug convictions are controlled substance offenses under the advisory guidelines, and, therefore, are appropriate predicate offense for career offender status. See U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import,

5

export, distribute, or dispense."); PSR ¶¶ 20, 22–23; United States v. Corwin, 662 F. App'x 196, 197 (4th Cir. 2016) (per curiam ) (unpublished); United States v. Barlow, 811 F.3d 133, 136–40 (4th Cir. 2015). The court's correct application of career offender status is not a compelling reason under section 3582(c)(1)(A).

As for Garay's remaining reasons under the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, his rehabilitation efforts, and his release plan are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the wide availability of COVID-19 vaccines greatly diminish the risk to Garay from COVID-19 whether he is in prison or not. See, e.g., Jacques, 2022 WL 894695, at *2; Scalea, 2022 WL 795425, at *1; Shettler, 2022 WL 620311, at *4; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46.

Garay offers a release plan that includes living with his parents. See [D.E. 84] 8. The court recognizes that Garay has a supportive family. See id. However, the section 3553(a) factors counsel against reducing Garay's sentence. See Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Garay is 28 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and possession with intent to distribute 5 grams or more of methamphetamine . See PSR ¶¶ 1–8. He was responsible for possessing and distributing

6

500 grams of crystal methamphetamine and 1 gram of marijuana. See id. ¶ 15. Garay's criminal history includes felony selling marijuana (three counts) and fleeing or eluding arrest with a motor vehicle. See id. ¶¶ 21–23. He has performed poorly on probation. See id. ¶¶ 20–22.

Garay has made some positive efforts while federally incarcerated. Garay has completed classes and programs. See [D.E. 84] 7; [D.E. 84-3]. Garay also does not have any incident reports or disciplinary actions on his BOP record. See [D.E. 84] 6; [D.E. 84-2]1.

The court must balance Garay's efforts at rehabilitation with his criminal conduct, serious criminal history, poor performance on probation and supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Garay's potential exposure to COVID-19, his rehabilitative efforts, and his release plan. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Garay's arguments, the need to punish Garay for his serious criminal behavior, to incapacitate Garay, to promote respect for the law, to deter others, and to protect society, the court denies Garay's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished)

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 84].

7

SO ORDERED. This 26 day of April, 2022.

                                                       JAMES C. DEVER III
                                                       United States District Judge